**Doris COTTRELL**

v.

**John R. ZISA and Collins Shipbottom Sunoco.**

**Civ. A. No. 81–3636.**

United States District Court, E. D. Pennsylvania.

Jan. 27, 1982.

Gregory Imperiale, Philadelphia, Pa., for plaintiff.

Louis E. Bricklin, Philadelphia, Pa., for Zisa.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

This personal injury action arises out of an alleged fall of plaintiff Doris Cottrell ("Cottrell") on the premises of a Sunoco service station which was leased and operated by defendant John Zisa ("Zisa"). Before the court is Zisa's motion to dismiss the complaint for lack of personal jurisdiction. This motion will be granted.

---

\* Plaintiff has not adduced facts to contradict defendant's sworn statement that negotiations concerning the lease and its execution occurred in New Jersey. (Affidavit ¶¶ 5 and 6). A defendant's challenge to the court's personal jurisdiction places the burden on the plaintiff to come forward with facts in support of personal jurisdiction. *Compagnie Des Bauxites De*

Subject matter jurisdiction is conferred by diversity of citizenship. 28 U.S.C. § 1332. At the time the action was filed, Cottrell was a citizen of Pennsylvania and Zisa was a citizen of Virginia. At the time of the accident, Zisa was a citizen of New Jersey. His service station was located in Shipbottom, New Jersey.

Federal Rule of Civil Procedure 4(e) authorizes personal jurisdiction over a non-resident to the extent permitted by state law. The Pennsylvania "Long Arm" Statute provides that the jurisdiction of Commonwealth courts extends to non-residents who transact any business in this Commonwealth. 42 Pa.Cons.Stat. § 5322(a)(1). It further provides, in the alternative, that such jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.Cons.Stat. § 5322(b). However, both the "transacting business" and the "minimum contacts" bases of long arm personal jurisdiction are qualified by subsection (c) of the statute. It reads:

(c) Scope of jurisdiction.—When jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising from acts enumerated in subsection (a), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him.

42 Pa.Cons.Stat. § 5322(c).

In support of this court's personal jurisdiction plaintiff relies only on Zisa's participation in one interview with Sun Oil Company representatives in Pennsylvania prior to entering into a lease agreement with Sun Oil for the service station at which plaintiff fell.\* She argues that this interview constitutes "transacting business" in the Commonwealth because it is "a single act in this Commonwealth for the purpose

*Guinea v. Insurance Company of North America*, 651 F.2d 877 (3d Cir.), *cert. granted,* —— U.S. ——, 102 S.Ct. 502, 70 L.Ed.2d 377 (1981). But the pleadings and affidavits will be considered in the light most favorable to the plaintiff. *Lieb v. American Pacific International, Inc.*, 489 F.Supp. 690 (E.D.Pa.1980).

of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts." 42 Pa.Cons.Stat. § 5322(a)(1)(ii).

█ Assuming that the interview is such a single act, the initial question, raised by subsection (c) of the Long Arm Statute, is whether this tort action against an allegedly negligent service station operator can be said to have arisen from that Pennsylvania interview between the defendant as a potential lessee and the lessor of the service station. Clearly it cannot. The interview may have been required by the lessor prior to executing the lease; the lease may have been required to enable Zisa to operate the service station. In that sense, but for the Pennsylvania interview, Zisa might not be a defendant in this case. However, it does not follow from this "but for" contact with Pennsylvania, that this cause of action *arose* from that interview. This action has nothing to do with the lease.

Cottrell alleges that Zisa negligently failed to remove or treat a greasy substance which covered the walkway to the ladies bathroom. (Complaint ¶¶ 2 and 3). Plaintiff's injuries were not the result of anything that Zisa did in Pennsylvania nor were they related to any contact of record with Pennsylvania. *Cf., Union National Bank v. L. D. Pankey Institute,* 284 Pa.Super. 544, 426 A.2d 624 (1980) and *Goff v. Armbrecht Motor Truck Sales, Inc.,* 284 Pa. Super. 544, 426 A.2d 628 (1980) (employing minimum contacts analysis, the cases held that the cause of action did not arise from defendant's contacts within the forum state).

This case differs from *Haeberle v. Texas International Airlines,* 497 F.Supp. 1294 (E.D.Pa.1980), which held that Pennsylvania negotiations of aircraft leasing contracts constituted sufficient minimum contacts with the forum state and that the cause of action arose from those contacts. *Haeberle* was an action to recover damages for breach of those contracts, so that subsection (c) was clearly satisfied. The Commonwealth of Pennsylvania has chosen to restrict the reach of its Long Arm Statute by

virtue of subsection (c). Since the Pennsylvania Long Arm Statute does not provide an adequate jurisdictional basis for this action, we need not decide whether Zisa's contact with Pennsylvania meets the due process standard of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). An appropriate Order follows.

### ORDER

AND NOW, this 27th day of January, 1982, for the reasons set forth in the accompanying Memorandum, it is ORDERED that:

1. Defendant Zisa's motion to dismiss for lack of personal jurisdiction is GRANTED.

2. Defendant Collins Shipbottom Sunoco, not having been served, is also dismissed without prejudice.