**A.B. KYLE**

v.

**CONTINENTAL CAPITAL CORPORATION.**

**No. 83–2772.**

United States District Court,
E.D. Pennsylvania.

Nov. 21, 1983.

---

**8.** *Cf. State v. Hunt,* 2 Ariz.App. 6, 406 P.2d 208 (1965).

Richard Elliott Toll, Jack J. Hetherington, Hetherington & Toll, Doylestown, Pa., for plaintiff.

Burton Spear, Michael J. O'Neill, Jr., Renninger, Spear & Kupits, Doylestown, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

In this diversity action, plaintiff A.B. Kyle seeks compensatory and punitive damages as well as an order for future compliance with respect to a contract allegedly entered into between Kyle and defendant Continental Capital Corporation (Continental). Plaintiff, a Pennsylvania citizen, alleges that the Panama-based defendant breached its obligation to pay plaintiff a portion of brokerage fees obtained as a result of the placement of certain loans. Continental has moved to dismiss the claims against it on the grounds that this court lacks personal jurisdiction, and that service of process was ineffective. Continental argues that personal jurisdiction is lacking because it did not transact business within Pennsylvania, and otherwise lacked minimum contacts with the forum state. Continental's argument that service of process was ineffective rests upon similar premises.

Because I conclude that the complaint and affidavits submitted by plaintiff are sufficient to establish a *prima facie* case of personal jurisdiction and sufficiency of process, I will deny defendant's motion at this time. However, in view of the factual assertions advanced by defendant in support of its motion to dismiss, I will permit the parties sixty days during which they may conduct discovery and/or submit additional documentation limited to the issues material to the resolution of this motion.

The claim to be resolved in this lawsuit involves plaintiff's allegation that Continental agreed to divide with plaintiff brokerage fees earned through the parties' efforts to obtain or place loans for various clients. In count I of the complaint, plaintiff alleges that the parties agreed to "co-broker" a loan to be obtained in favor of plaintiff's client Carson Helicopters, Inc., and to divide equally the resulting brokerage commission. Kyle contends that defendant breached this covenant by arranging for the loan with an unnamed lender while purporting to establish a line of credit in favor of Carson out of defendant's own resources. Plaintiff claims that Continental employed this subterfuge to avoid the payment of plaintiff's share of the brokerage fee which defendant has now received. Count II of plaintiff's complaint alleges that Continental breached an apparently independent agreement to divide brokerage fees earned pursuant to unspecified "Mexican debt placements" which were co-brokered by plaintiff and defendant. For the purposes of the present motion, however, plaintiff's allegations have significance only to the extent that they establish a connection between defendant's conduct and Pennsylvania, the forum state of this litigation.

In its motion to dismiss and supporting briefs, defendant argues that Kyle's allegations are geographically vague or simply untrue, and that they therefore fail to establish that defendant possessed sufficient factual contacts with the forum state to render it subject to this court's jurisdiction. Relying on Supreme Court decisions such as *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), Continental argues that it never engaged in business in the forum state, and never purposefully availed itself of the protection of Pennsylvania's laws. On this basis, defendant concludes that it would be fundamentally unfair to permit plaintiff to compel it to litigate in this jurisdiction.

For similar reasons defendant argues that service of process was ineffective. As noted by defendant, service was made upon it in the Republic of Panama. Because there is no federal authorization for service of process in a foreign state for claims such as those here presented, service was made pursuant to the forum state's rules as authorized by Fed.R.Civ.P. 4(i). *See, e.g., Omni Exploration, Inc. v. Graham Engineering Corporation*, 562 F.Supp. 449, 451 (E.D.Pa.1983) (applying Fed.R. Civ.P. 4(e) to suit involving out-of-state defendant). In turn, Pennsylvania's rule permitting service upon a foreign defendant limits effective service to those defendants who are constitutionally subject to the jurisdiction of Pennsylvania tribunals. 42 Pa. C.S.A. § 5323. Thus, defendant concludes that because courts sitting in Pennsylvania lack personal jurisdiction in this matter, the attempted service of process was ineffective.

In the context of this case, however, defendant's arguments may not be resolved by simple reference to the Supreme Court's well established precedents. The allegations of plaintiff's complaint and his recently filed affidavits seek to establish that defendant's connection to the forum state occurred in regard to the very transaction in which defendant now denies participation. Defendant's denial of those allegations therefore raises not only the question whether defendant's factual contacts with Pennsylvania support jurisdiction, but also the issue of how and when that determination should be made.

In the instant case, this latter inquiry presents a procedural dilemma because the factual dispute relevant to jurisdiction is enmeshed with the ultimate issue of the merits of this lawsuit. In resolving the question of jurisdiction, therefore, the court is faced with an apparent tension between two accepted maxims of federal civil procedure: On the one hand, the court is ordinarily bound to accept as true all factual allegations advanced by the plaintiff when considering a Rule 12(b) motion to dismiss, *Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90

(1974); *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 409–410 (E.D.Pa.1981); on the other hand, the court has been instructed to require the plaintiff to prove jurisdictional facts by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corporation,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Indeed, the Third Circuit Court of Appeals has ruled that "a defendant's challenge to the court's *in personam* jurisdiction imposes on the plaintiff the burden of 'com[ing] forward with facts, by affidavit or otherwise, in support of personal jurisdiction.'" *Compagnie Des Bauxites De Guinea v. Insurance Company of North America,* 651 F.2d 877, 880 (3d Cir.1981), *cert. denied,* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1312 (1982), *quoting, DiCesare–Engler Productions, Inc. v. Mainman, Ltd.,* 81 F.R.D. 703, 705 (W.D.Pa.1979). *See also Nocella v. Bulletin Co.,* CA No. 82–3971 (E.D.Pa., June 30, 1983).

When confronted with this predicament, several courts, particularly the Ninth Circuit Court of Appeals, have articulated a graduated burden of proof on the issue of jurisdiction against which the sufficiency of a plaintiff's evidence may be measured at various stages in the development of the factual record. *See Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1284–1286 (9th Cir.1977); *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n. 24 (9th Cir.1977). *See also Visual Sciences, Inc. v. Integrated Communications Incorporated,* 660 F.2d 56 (2d Cir.1981) (personal jurisdiction).[1]

 Under this approach, a plaintiff whose factual record consists only of the pleadings and supporting affidavits need simply establish a *prima facie* case of jurisdiction. At this stage, plaintiff's burden would be satisfied if the documents submitted demonstrate facts sufficient to support a finding of jurisdiction. *Data Disc, Inc.,* 557 F.2d at 1285. If the court then proceeds to conduct a full hearing on the question of jurisdiction, the plaintiff may be put to his full burden of proof by a preponderance of the evidence. *Id.* Where the dispute over jurisdictional facts constitutes the ultimate issue in the case, however, the plaintiff should not ordinarily be required to sustain its full burden of persuasion before the commencement of the trial. *Id.* at 1285–1286 n. 2. As the court stated:

Where the jurisdictional facts are intertwined with the merits, a decision on the jurisdictional issues is dependent on a decision of the merits. In such a case, the district court could determine its jurisdiction in a plenary pretrial proceeding.... However, it is preferable that this determination be made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits.... Accordingly, where the jurisdictional facts are enmeshed with the merits, the district court may decide that the plaintiff should not be required in a Rule 12(d) preliminary proceeding to meet the higher burden of proof which is associated with the presentation of evidence at a hearing, but rather should be required only to establish a prima facie showing of jurisdictional facts with affidavits and perhaps discovery materials.... Of course, at any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove

---

1. In the related context of subject matter jurisdiction determination, the Court of Appeals for the Third Circuit has likewise established a flexible standard of proof to be applied at various stages in the development of a factual record. *See International Association of Machinists & Aerospace Workers v. Northwest Airlines, Inc.,* 673 F.2d 700, 711–712 (3d Cir.1982); *Mortensen v. First Federal Savings and Loan Association,* 549 F.2d 884, 890–898 (3d Cir.1977). At least in the context of subject matter jurisdiction, the court has affirmed the district court's power and duty "to satisfy itself as to the existence of its power to hear the case." *Northwest Airlines,* 673 F.2d at 711 (citations omitted). Nevertheless, the court has cautioned that the courts should "demand less in the way of jurisdictional proof than would be appropriate at a full trial of the issue. *Id.* (citations omitted).

the jurisdictional facts at trial by a preponderance of the evidence....

*Id.* at 1285–1286 n. 2 (citations omitted). *See also Oxford First Corporation v. PNC Liquidating Corporation,* 372 F.Supp. 191, 193 (E.D.Pa.1974); 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1351.

■ Applying this standard of proof to the pleadings and affidavits presently before me, I am satisfied that plaintiff has carried his burden of establishing a *prima facie* case of personal jurisdiction. The complaint alleges that David A. Barnes, an agent of Continental, met with plaintiff at the offices of Carson Helicopters, Inc. in Bucks County, Pennsylvania. The complaint further alleges that this meeting occurred pursuant to the parties' agreement to co-broker Carson's loan.

Moreover, in support of his opposition to defendant's present motion, plaintiff has submitted two affidavits which assert additional connections between the alleged transaction and Pennsylvania. The first affidavit states that the alleged contract relating to the Carson loan was signed by defendant's agent in Philadelphia, and that Mr. Barnes agreed to establish a line of credit in favor of Carson during his visit to Bucks County. The second affidavit specifies that Barnes acted as defendant's Senior Vice-President during his trip to Pennsylvania. Plaintiff's first affidavit further states that in connection with the Carson loan, defendant filed dozens of liens in Pennsylvania under the Commonwealth's version of the Uniform Commercial Code, and that defendant constantly monitored the arrangement by means of mail, phone, and personal visits to Pennsylvania. Plaintiff's initial statement also alleges that Continental has performed brokerage services for numerous other Pennsylvania customers, and that defendant's Panamanian incorporation and mailing address was established solely for tax purposes. Finally, plaintiff alleges that defendant's fraudulent pretense of being the actual lender in the Carson deal was made in Pennsylvania.

■ The allegations of plaintiff's complaint and affidavits clearly establish a *prima facie* showing that defendant is properly subject to this court's jurisdiction. Under precedent of the Third Circuit Court of Appeals, where personal jurisdiction is predicated not upon the defendant's general presence within the forum state, but upon the defendant's alleged participation in a forum-related transaction, jurisdiction will be upheld if the defendant's participation in that transaction arises sufficiently out of the defendant's forum-related conduct. As the Court of Appeals has stated: "If the claim pursued arises from forum related activity, the court must determine whether there are enough contacts with the forum arising out of *that* transaction in order to justify the assertion of jurisdiction over the out-of-state defendant." *Reliance Steel Products Company v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 588 (3d Cir.1982). *Accord Paolino v. Channel Home Centers,* 668 F.2d 721, 724 (3d Cir. 1981); *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir.1981). *See also Horace Mann Insurance Company v. Capitol Indemnity Corporation,* CA No. 83–0007 (E.D.Pa., June 30, 1983).

Under this theory of transactional jurisdiction the sufficiency of a defendant's connection with the forum state will be determined by "an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d at 1287. Several courts have identified three guidelines to be used in evaluating a defendant's relationship to a forum-related transaction. In *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith,* 551 F.Supp. 601, 603 (E.D.Pa.1982), the Court summarized those criteria as follows:

The Court must ask:

1. Has the defendant purposely availed itself of the privilege of acting within the forum state, thus invoking the benefit and protection of its laws? ...

2. Did the cause of action arise from defendant's activities within the forum state?

3. Do the defendants' acts have a substantial enough connection with the forum state to make jurisdiction over the defendant reasonable?

(Citations omitted.) *See also Rockwell International Corp. v. Costruzioni Aeronautiche Giovanni Agusta*, 553 F.Supp. 328, 331–334 (E.D.Pa.1982); *Proctor & Schwartz, Inc. v. Cleveland Lumber Company*, 228 Pa.Super. 12, 323 A.2d 11, 15 (1974).

 Application of these criteria to the allegations advanced by plaintiff leaves no doubt that a *prima facie* showing of personal jurisdiction has been established. Defendant's alleged utilization of Pennsylvania's Commercial Code for the creation of security interests in property owned by Carson Helicopters, Inc. would, if proven, manifest a purposeful availment by defendant of the protection of Pennsylvania's laws. Moreover, the alleged transaction which gave rise to the filing of those security interests (the same transaction which resulted in the purported contract) was completed during the visit of defendant's agent to the city of Philadelphia as well as to Carson's facility in Bucks County. The cause of action, thus, "arose from defendant's activities within the forum state." *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, supra.* Finally, plaintiff's allegations, if proven, would establish a sufficient factual connection between defendant and the forum-related transaction such that defendant could reasonably be required to defend plaintiff's claims in this jurisdiction. In addition to defendant's alleged filing of security interests in Pennsylvania, plaintiff's assertion that Continental's agents negotiated and signed the brokerage agreement in this state, while reaching a clandestine accord with an undisclosed lender to circumvent that agree-

ment, would establish sufficient contacts with the current forum "such that (defendant) should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (citations omitted). *See also Stop-A-Flat Corporation v. Electra Start of Michigan, Inc.*, 507 F.Supp. 647, 650–651 (E.D.Pa.1981) (stressing the importance of defendant's visits to the forum for negotiation); *The Western Union Telegraph Company v. T.S.I., Ltd.*, 545 F.Supp. 329, 335 (D.N.J.1982) (same). I therefore conclude that plaintiff's allegations are sufficient to raise a *prima facie* case of this court's personal jurisdiction over Continental, and I will at this time deny defendant's motion to dismiss for want of jurisdiction and insufficiency of service of process. Nevertheless, I recognize that defendant's motion,[2] and its supporting briefs and affidavits mount a serious challenge to the factual premises upon which plaintiff's *prima facie* showing rests. Because it may be possible to resolve these factual issues without a full trial, I will permit the parties to explore the facts germane to the issues raised by this motion during a sixty-day period of discovery limited to that purpose. *See Empire Abrasive Equipment Corporation v. H.H. Watson, Inc.*, 567 F.2d 554, 559 (3d Cir.1977); *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir.1975). At the end of that period, defendant may file an appropriate motion contesting personal jurisdiction and the sufficiency of service of process based upon the expanded record.

---

**2.** Plaintiff's specific factual allegations appear relevant only to plaintiff's cause of action for breach of the brokerage agreement alleged under Count I of the complaint. It may therefore be proper to dismiss the apparently independent claim asserted in Count II unless plaintiff can establish that defendant was sufficiently connected to the forum state to render him generally subject to Pennsylvania's jurisdiction. *Cf. Reliance Steel Products Company v. Watson, Ess,*

*Marshall & Enggas, supra. See Data Disc, Incorporated v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1289 n. 8 (discussing need for personal jurisdiction on separate claims). However, in light of my disposition of defendant's motion with respect to Count I, I will also deny defendant's motion with respect to Count II pending further development of the factual record.