## PHARMACEUTICAL GROUP SERVICES, INC.

v.

## NATIONAL PHARMACIES, INC.

Civ. A. No. 84–0644.

United States District Court,
E.D. Pennsylvania.

Sept. 6, 1984.

Christopher Walters, J. Thomas Morris, Philadelphia, Pa., for plaintiff.

John H. Lewis, Jr., Deborah A. Lefco, Philadelphia, Pa., Robert Meister, Victoria Cundiff, New York City, for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is defendant's motion to dismiss for lack of personal jurisdiction. For the reasons stated herein the motion will be denied.

## I. FACTS

Plaintiff Pharmaceutical Group Services, Inc. ("PGS") is a Pennsylvania marketing and sales company specializing in the development of group mail order pharmaceutical plans. Defendant National Pharmacies, Inc. ("National") is a corporation incorporated in Delaware which through its wholly owned subsidiaries is in the business of distributing prescription and non-prescription mail order pharmaceutical products throughout the United States to employees, retirees and members of corporations or other entities.

On November 8, 1983, plaintiff and defendant entered a Sales Representative Agreement ("agreement") whereby plaintiff agreed to act as defendant's sales representative for the solicitation of contracts for the sale of mail order pharmaceutical products throughout the United States. Under the agreement plaintiff would receive as compensation a percentage of the gross sales revenues attributable to customers obtained by plaintiff for defendant.

Plaintiff claims that while the agreement was in effect it solicited and secured Aluminum Company of America ("Alcoa") as a customer for defendant's mail order pharmaceutical products. Plaintiff contends that despite this activity and subsequent shipments of pharmaceutical products into Pennsylvania to Alcoa's employees, defendant has refused to remit any compensation to plaintiff. This suit is for the recovery of a percentage of the proceeds received by defendant from the Alcoa account.

Defendant moves for dismissal of the suit on the basis that it is not subject to personal jurisdiction in Pennsylvania. Defendant argues that although its wholly owned New Jersey subsidiary, also named National Pharmacies, Inc. (hereinafter referred to as "NPNJ"), does ship pharmaceutical products into Pennsylvania, including shipments which service the Alcoa account, defendant itself does not do any business in Pennsylvania.

## II. DISCUSSION

Once a jurisdictional defense has been properly raised the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction. *Compagnie des Bauxites de Guinee v. L'Union,* 723 F.2d 357 (3d Cir.1983). At the stage of the proceedings where the factual record consists of only pleadings and affidavits plaintiff's burden is satisfied by establishing a prima facie case of jurisdiction.[1] *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280 (9th Cir.1977); *Kyle v. Continental Capital Corp.,* 575 F.Supp. 616 (E.D.Pa.1983).

In resolving a jurisdictional dispute the pleadings and affidavits are to be considered in a light most favorable to plaintiff. *Cottrell v. Zisa,* 535 F.Supp. 59 (E.D. Pa.1982); *Culbreth v. Simone,* 511 F.Supp. 906 (E.D.Pa.1981). Discrepancies in versions of events presented in affidavits are to be resolved in plaintiff's favor. *Felicia v. Gulf American Barge, Ltd.,* 555 F.Supp. 801 (E.D.Ill.1983).

Rule 4(e) of the Federal Rules of Civil Procedure permits a district court to assert personal jurisdiction over a nonresident to the extent allowed under the law of the state where the district court sits. In turn, the Pennsylvania Long Arm Statute, 42 Pa.Cons.Stat.Ann. § 5322(b) (Purdon 1981),

---

**1.** Until either a pretrial evidentiary hearing or a trial is held a prima facie case of jurisdiction suffices, notwithstanding any controverting presentation by the moving party. *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981).

allows a court to exercise jurisdiction over a person "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." Thus, the reach of the Pennsylvania statute is co-extensive with the due process clause of the United States Constitution.

In *McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the Supreme Court held that due process is not violated when a suit is based on a contract which has substantial contact with the forum. 355 U.S. at 223, 78 S.Ct. at 201; *see Ruggieri v. General Well Service, Inc.*, 535 F.Supp. 525 (D.Colo.1982); *DiCesare-Engler Productions, Inc. v. Mainman Ltd.*, 81 F.R.D. 703 (W.D.Pa.1979). The suit in *McGee* involved an insurance contract. The substantial connection upon which jurisdiction was based included the following factors: (1) the contract was delivered in the forum; (2) the insurance premiums were mailed from the forum; and (3) the insured was a resident of the forum when he died.

■ In this case the agreement and defendant itself have no less substantial contact with Pennsylvania than the contract and defendant had with the forum in *McGee*. The agreement was entered into by plaintiff, a corporation incorporated in Pennsylvania with its principal place of business in Mifflinburg, Pennsylvania. Negotiations regarding some of the terms of the agreement, including the commission rate, were initiated by defendant and took place at plaintiff's offices in Mifflinburg.[2] As a result of plaintiff's successful performance under the agreement pharmaceutical products are now sent into Pennsylvania to service the Alcoa account.

With regard to the shipment into Pennsylvania contact, defendant contends that the servicing of the Alcoa account in Pennsylvania is done by its subsidiary NPNJ and that under *Canon Mfg. Co. v. Cudahy Packaging Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925), this contact cannot be considered in determining whether defendant is subject to jurisdiction in Pennsylvania. This contention must be rejected.

Plaintiff has submitted an affidavit which indicates that pursuant to the agreement with defendant it secured the Alcoa account for defendant, not for NPNJ.[3] How NPNJ became involved in servicing the Alcoa account is unclear from the present record. Nevertheless, since the court is to resolve all ambiguity and disputes in favor of plaintiff at this stage of the proceedings the court determines that even if NPNJ is the corporation servicing the Alcoa account in Pennsylvania it would be doing so on behalf of defendant, the party which plaintiff alleges is the one for which the Alcoa account was secured. This activity by NPNJ on behalf of defendant amounts to defendant purposefully availing itself of doing business in Pennsylvania, albeit through its subsidiary. *See Lucas v. Gulf & Western Industries, Inc.*, 666 F.2d 800, 806 (3d Cir.1981) (factors to consider in determining jurisdiction over foreign corporation which has a subsidiary doing business in forum include whether subsidiary plays a part in transaction at issue); *Allen Oregon Company v. Kawai Musical Instruments*, 593 F.Supp. 107 (E.D.Pa.1984); *Energy Reserves Group, Inc. v. Superior Oil Co.*, 460 F.Supp. 483, 490 (D.Kan.1978).

Based on the foregoing, the court determines that plaintiff has satisfied its burden of establishing a prima facie case of personal jurisdiction and that requiring defendant to defend the action in this forum will not offend "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

An appropriate Order will be entered.

---

**2.** *See* Harris affidavit ¶¶ 7, 9, 10. Although defendants deny that any negotiations with regard to the instant agreement took place at plaintiff's Pennsylvania offices, the court is required at this stage of the proceedings to resolve any disputes as to the facts in favor of plaintiff.

**3.** *See* Harris affidavit ¶¶ 15–19.