ALSTON AND GUNN, a Pennsylvania General Partnership, and Thomas P. Gunn and Joseph Alston

v.

Paul D. SOLOMON and Claire H. Groeber–Solomon

v.

Robert ARCHIE, James Drew and Resort Development Corporation.

Civ. A. No. 90–4938.

United States District Court, E.D. Pennsylvania.

Nov. 14, 1990.

Mark T. Richter and Colette A. Pete, Philadelphia, Pa., for Alston and Gunn, Thomas P. Gunn and Joseph Alston.

Paul D. Solomon and Claire H. Groeber–Solomon, Oak Ridge, N.J., pro se.

Renato S. DeLuca, Philadelphia, Pa., for Archie, Drew and Resort.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the defendants' motion to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) or, in the alternative, to transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). The case at bar is based solely upon diversity jurisdiction and concerns alleged misrepresentations made about a condominium unit purchased by the plaintiffs in Atlantic City, New Jersey.

■ When the defendant challenges personal jurisdiction, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction. *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 542 (3d Cir.1985)." *Provident National Bank v. California Federal Savings & Loan Association*, 819 F.2d 434, 437 (3d Cir.1987). It is the plaintiff who must come forward with sufficient facts to justify jurisdiction and who must demonstrate that requiring the defendant to defend in this forum satisfies both constitutional and statutory requirements. *Snavely's Mill, Inc. v. Officine Roncaglia, S.P.A.*, 678 F.Supp. 1126, 1127 (E.D.Pa.1987). "At the stage of the proceedings where the factual record consists of only pleadings and affidavits plain-

tiff's burden is satisfied by establishing a prima facie case of jurisdiction. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir.1977); *Kyle v. Continental Capital Corp.*, 575 F.Supp. 616 (E.D.Pa.1983)." *Pharmaceutical Group Services, Inc. v. National Pharmacies, Inc.*, 592 F.Supp. 1247, 1248 (E.D.Pa.1984) (footnote omitted).

■ In the instant case, the plaintiffs have submitted no affidavits. Their complaint is devoid of any mention of any connection between the defendants and Pennsylvania. The defendant, Paul Solomon, has submitted an affidavit in which he states that the condominium unit sold to plaintiffs is located in New Jersey, that it was viewed by the plaintiffs in advance of executing the sales contract, which was prepared by defendant Solomon in response to an offer made by the plaintiffs by telephone from the defendants' real estate agent's office, and that plaintiffs Gunn and Alston signed the contract in the agent's office in Atlantic City. (Solomon Aff., ¶ 4). The Solomon Affidavit further states:

> Although I had contact with Mr. Archie [plaintiffs' attorney located in Philadelphia, Pennsylvania] by telephone and by mail in advance of the closing, no other aspect of the transaction took place outside the State of New Jersey. The closing occurred at the Atlantic Palace Hotel. The title company utilized by Mr. Archie was the Atlantic County Office of Commonwealth Land Title Insurance Company who had a representative present. Also present at the closing were Mr. Gunn, Mr. Alston and Mr. Drew.

*Id.*

We do not believe that the plaintiffs have met their burden of demonstrating sufficient facts to sustain the exercise of personal jurisdiction over the defendants in the case at bar. The plaintiffs have furnished us with no facts, while the defendants have submitted an affidavit replete with facts relating the instant action to another forum entirely.

■ The plaintiffs here try to obtain personal jurisdiction over the defendants by Long–Arm statute. Fed.R.Civ.P. 4(e) provides for service of process upon a non-resident defendant not found in the forum state in accordance with the forum state's Long Arm statute. Still, the defendant must be shown to have those "minimum contacts" with the forum state that will make maintenance of the suit there comport with those "traditional notions of fair play and substantial justice" discussed by the Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

It is true that under Pennsylvania's Long–Arm statute, 42 Pa.Cons.Stat.Ann. § 5322(b) (Purdon 1981), personal jurisdiction shall extend "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." As the Superior Court of Pennsylvania has stated: "[S]ince this statute makes the exercise of jurisdiction over a non-resident coextensive with the permissible limits of due process, we need only decide whether it would be a denial of due process to hold appellee subject to suit in Pennsylvania." *Koenig v. International Brotherhood of Boilermakers*, 284 Pa.Super. 558, 426 A.2d 635 (1980) (*quoted in Tamaqua Cable Products Corp. v. Dunlap Electronics, Inc.*, 531 F.Supp. 388, 389 (E.D.Pa.1982)).

■ The Pennsylvania courts have devised a three-part test to ascertain whether long-arm jurisdiction is consonant with due process:

First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws.... Secondly, the cause of action must arise from defendant's activities within the forum state.... Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable.

*Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11, 15 (1974) (citations omitted) (*quoted in Dunlap Electronics*, 531 F.Supp. at 389).

■ The defendants in the instant case meet none of these criteria. In selling their condominium unit to buyers from Pennsylvania, they did not avail themselves of any "privilege" of acting within Pennsylvania so as to invoke the benefits and protections of the Commonwealth's laws. The cause of action—alleged misrepresentations regarding the condition of the property—arose from defendants' activities in New Jersey, not Pennsylvania. Finally, the defendants' acts have a very *in*substantial connection with Pennsylvania. The mail and telephone contacts with Attorney Archie in Philadelphia could hardly have been avoided, since he was an attorney of the plaintiffs' own choosing. Since the defendants meet none of the due process criteria in *Cleveland Lumber Co.*, 323 A.2d at 15, we find that this court cannot exercise personal jurisdiction over them.[1]

We could end our analysis now by dismissing the instant action pursuant to Fed. R.Civ.P. 12(b)(2). We decide, however, to transfer this action to the District Court for the District of New Jersey. The defendants have requested transfer pursuant to 28 U.S.C. § 1404(a), which reads:

**§ 1404. Change of venue**

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil ac-

1. Although the plaintiffs have submitted no affidavits and although the complaint contains no mention of any connections between the defendants and Pennsylvania, the plaintiffs, in their Brief In Support of Plaintiffs' Objection to Motion to Dismiss, have referred to telephone negotiations between the defendants' real estate agent in New Jersey and the plaintiffs in Pennsylvania, to the execution of the sales contract in Pennsylvania and its delivery in New Jersey, and to the sending of monthly mortgage payments from Pennsylvania to New Jersey. We do not believe that these references constitute "facts"; they are not properly before the court since they have not been submitted by affidavit. Moreover, even if they had been, we do not find that these acts would have "a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable." *Cleveland Lumber Co.*, 323 A.2d at 15.

**49**

tion to any other district or division where it might have been brought.

We believe, however, that proper venue does not exist in this court and that another section, 28 U.S.C. § 1406(a), applies.

28 U.S.C. § 1391(a) reads:

**§ 1391. Venue generally**

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

In the instant case, "all" plaintiffs do not reside in the Eastern District of Pennsylvania, Plaintiff Alston resides in New York. All defendants reside in New Jersey. We have determined that the claim did not arise in Pennsylvania.

28 U.S.C. § 1406(a) reads:

**§ 1406. Cure or waiver of defects**

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

It is not necessary that the transferor state have personal jurisdiction over the defendant in order to transfer an action pursuant to 28 U.S.C. § 1406(a). *Lorenz v. Cleveland Clinic Foundation*, 657 F.Supp. 613, 614 (W.D.1986). We find that this action could have been brought in the District of New Jersey, since personal jurisdiction can be obtained over the defendants there and New Jersey is where all the defendants reside.[2] We also believe that it would be in the interest of justice to order such transfer.

An appropriate order follows.

**2.** The court notes the filing of a third party complaint in the instant case. This is an ancillary proceeding. *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62, 65 (3d Cir.1971). Jurisdiction over ancillary proceedings is dependent upon the court's jurisdiction over the principal suit. *United States v. Acord*, 209 F.2d 709, 712 (10th Cir.1954), *cert. denied*, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). Since jurisdiction has been found wanting in the prin-

**ORDER**

AND NOW, this 14th day of November, 1990, upon consideration of the defendants' Motion to Dismiss the Complaint or to Transfer Venue to the State of New Jersey and upon consideration of the plaintiffs' response thereto, it is hereby ORDERED that said motion is GRANTED and the complaint is dismissed for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). It is FURTHER ORDERED that the captioned action is transferred, pursuant to 28 U.S.C. § 1406(a), to the District Court for the District of New Jersey. The Clerk of Court is hereby directed to prepare the file for transfer.

cipal suit in the case at bar, there can be no exercise of jurisdiction by this court over its ancillary proceedings. Furthermore, it appears that there are plaintiffs and defendants who are citizens of the same state. The captioned case is dismissed in its entirety, but shall be transferred as already discussed above, pursuant to federal statute and case law, to the District Court for the District of New Jersey.