**MONSANTO COMPANY, Plaintiff,**

v.

**TENNESSEE VALLEY AUTHORITY, Defendant.**

**Civ. A. No. 78-W-5024-NE.**

United States District Court, N. D. Alabama, Northeastern Division.

March 27, 1978.

Warren B. Lightfoot, Robert W. Bradford, Jr., Robert K. Spotswood, Birmingham, Ala., for plaintiff, Bradley, Arant, Rose & White, Birmingham, Ala., M. Mason Pattillo, Frank D. Zielinski, St. Louis, Mo., of counsel.

Herbert S. Sanger, Jr., Gen. Counsel, T. V. A., Knoxville, Tenn., Charles A. Wagner, III, Assoc. Gen. Counsel, Thomas A. Pedersen, Melvin L. Harper, Knoxville, Tenn., for defendant.

WYATT, District Judge: *

This is a motion by plaintiff ("Monsanto") to remand the action to the Circuit Court for Morgan County, Alabama, from which it was removed by defendant ("TVA"). 28 U.S.C. § 1447(c).

The claim made in the complaint is on a theory of negligence by TVA in furnishing electric power to Monsanto's plant at Decatur. It is averred that there was a written contract between the parties under which TVA agreed to furnish power to Monsanto at Decatur, TVA knowing that it was essential for Monsanto to have a continuous power supply from TVA for its Decatur plant. A copy of the contract is made part of the complaint. The claim, however, is not for breach of contract but for negligence. It is averred that on January 6, 1977 there was a "total interruption" of power to the Decatur plant; that this interruption was caused by the negligence of TVA in the maintenance and testing of its electric supply system; and that the negligence of TVA was the proximate cause of damages to Monsanto in excess of $300,000 by injury to equipment and loss of materials and profits. It is averred that TVA is a corporation wholly owned by the federal government and created by an Act of Congress (16 U.S.C. § 831); and (incorrectly) that by statute the "principal place of business" of TVA is in Alabama (the statute [16 U.S.C. § 831g(a)] says that TVA shall maintain its "principal office" near Muscle Shoals, Alabama). Monsanto is said to be a Delaware corporation with its principal place of business in Missouri.

TVA removed the action to this Court on the ground that this Court has original jurisdiction as an action arising under an Act of Congress "regulating Commerce" (28 U.S.C. § 1337) and also under 28 U.S.C. § 1331 ("federal question").

Monsanto moved to remand.

1.

Monsanto mistakenly believes that TVA is a citizen of Alabama, deemed to be such under 28 U.S.C. § 1332(c) because, it is said, TVA "has, by statute, its principal place of business in the State of Alabama" (Memo filed February 23, 1978, p. 2). The "statute" provides that TVA "shall maintain its *principal office* in the immediate vicinity of Muscle Shoals, Alabama" and "shall be held to be an *inhabitant* and *resident* of the northern judicial district of Alabama within the meaning of the laws relating to the *venue* of civil suits." (16 U.S.C. § 831g(a); emphasis supplied) The statute thus seems carefully to avoid making TVA a *citizen* of Alabama; "principal office" in 16 U.S.C. § 831g(a) is not the same as "principal place of business" in 28 U.S.C. § 1332(c) and the words "inhabitant" and "resident" do not have the same meaning as the word "citizen".

A corporation created by an Act of Congress and whose activities (like those of TVA) are not to be confined to a single state, is not a citizen of any state, absent a specific statutory provision for its citizenship in a state. *Bankers Trust Co. v. Tex. & Pac. Ry.*, 241 U.S. 295, 309, 36 S.Ct. 569, 60 L.Ed. 1010 (1916); *Federal Intermediate Credit Bank of Columbia, S. C. v. Mitchell*, 277 U.S. 213, 214, 48 S.Ct. 449, 72 L.Ed. 854 (1928). For example, the American Legion is incorporated by an Act of Congress (36 U.S.C. §§ 41–51) and is a citizen of the United States but is not a citizen of any state. *Harris v. American Legion*, 162 F.Supp. 700, 710 (S.D.Ind.), affirmed on opinion below, 261 F.2d 594 (7th Cir. 1958). So too, Disabled American Veterans, a corporation created by Act of Congress (36 U.S.C. § 90a), is not a citizen of any state. *Rice v. Disabled American Veterans*, 295 F.Supp. 131, 134 (D.D.C.1968).

It may be recognized that if a federally created corporation is by its charter confined in its activities to a single state, it may by judicial interpretation be considered a citizen of that state for jurisdictional purposes. *Bankers Trust Co. v. Tex. & Pac. Ry.*, above at 241 U.S. 309, 36 S.Ct. 569; *Feuchtwanger Corp. v. Lake Hiawatha Federal Credit Union*, 272 F.2d 453, 455–56

* Of the Southern District of New York, sitting by designation.

(3d Cir. 1959). This doctrine is without any possible application to TVA, which conducts activities in several states—Kentucky, Tennessee, Alabama, Mississippi—as contemplated by the TVA Act (16 U.S.C. §§ 831, 831c(j), 831h–1, 831i, 831j, 831n–3, 831n–4).

### 2.

■ Monsanto properly points out that, in order to remove an action in compliance with the first sentence of Section 1441(b) the action must not only be one "arising under" federal law but it must be "founded on a claim or right arising under" federal law. If the first sentence of Section 1441(b) were applicable here, it would be most difficult to find that Monsanto's state law negligence claim was "founded on a claim or right arising under" federal law.

But the first sentence of Section 1441(b) is not applicable here. It is the second sentence which is applicable. The case at bar is an "other such action" which is removable by defendant TVA because TVA is not "a citizen of the State [Alabama] in which such action is brought".

The removal here is thus governed by the language of Section 1441(a) and the inquiry is simply: does this Court have "original jurisdiction" of the claim in the complaint?

### 3.

■■ The theory of the removal here is that this Court has original jurisdiction because the action "arises under" federal law (28 U.S.C. § 1331(a)) and is also one "arising under . . . [an] Act of Congress regulating commerce" (28 U.S.C. § 1337). The same considerations govern the question under both statutes cited.

On the face of the complaint, the claim is founded entirely on Alabama law. As an original proposition, it would be hard to find that the action arose under federal law. TVA, however, is a federally created corporation and the precedents going back over a hundred and fifty years establish that any claim, even one created by state law, against a federally created corporation arises under federal law.

The precedents begin in 1824 with two opinions of Chief Justice Marshall: *Osborn v. United States Bank*, 9 Wheaton (22 U.S.) 738, 6 L.Ed. 204 and *United States Bank v. Planters Bank*, 9 Wheaton (22 U.S.) 904, 6 L.Ed. 244. In *Osborn*, the Bank, created by an Act of Congress, sued in federal court to enjoin collection of a state tax alleged to be unconstitutional. The nature of the claim made it clearly appear to be one arising under federal law. Marshall, however, laid it down that *any* claim by or against a federally created corporation arises under federal law and is thus within the jurisdiction of the federal courts. The reasoning was first that if any "ingredient" of the claim involves federal law, the claim is within the original jurisdiction of the federal courts as one arising under federal law. Then it was said that every claim by or against a federally created corporation involves federal law because the corporation receives from its federal charter "every faculty which it possesses" (9 Wheaton at 823). Then Marshall concluded (9 Wheaton at 823): "This being [a federally created corporation] can acquire no right, make no contract, bring no suit, which is not authorized by a law of the United States. It is not only itself the mere creature of a law, but all its actions and all its rights are dependent on the same law. Can a being, thus constituted, have a case which does not arise literally, as well as substantially, under the law?"

In the companion *Planters Bank* case, the United States Bank had sued on a state created claim. This was held to be within the constitutional jurisdiction of the federal courts as one arising under federal law, on the authority of the *Osborn* decision.

Some sixty years later, the Supreme Court, using the same reasoning as Marshall used in *Osborn*, decided that ordinary state created tort claims against railroads incorporated by Congress were within the original jurisdiction of federal trial courts. *Pacific Railroad Removal Cases*, 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885).

The result of the *Pacific Railroad Removal Cases* was to open the federal courts to

an enormous increase in cases filed or removed—those cases by or against federally created corporations. To reduce this volume of business, Congress enacted in 1925 what is now 28 U.S.C. § 1349 providing that district courts shall not have jurisdiction of any action on the ground that it is by or against a federally created corporation unless the federal government owns more than half of the stock of the corporation. See *Murphy v. Colonial Fed. S. & L. Assn.*, 388 F.2d 609, 612 (2d Cir. 1967). Considering the established precedents, this statute seemed clearly to show an intent and recognition by Congress that if the federal government does own more than half the stock of a federally created corporation, all actions by or against such corporation are within the original jurisdiction of the federal district court. The Supreme Court seems to have accepted this as the meaning of 28 U.S.C. § 1349. In *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936), Mr. Justice Cardozo said:

> "Federal incorporation is now abolished as a ground of federal jurisdiction except where the United States holds more than one-half the stock."

It appears that technically TVA has no capital stock and thus neither the government nor anyone else owns any such stock.** Judge Taylor referred to this problem in *Coleman v. Tenn. Valley Trades & Labor Council*, 396 F.Supp. 671, 674 (E.D. Tenn.1975), and said that the effect of 28 U.S.C. § 1349 on suits against TVA was "debatable".

There is no ownership of TVA except that of the government. All real and personal property for TVA activities is acquired and held by the United States (16 U.S.C. §§ 831w, 831x) and all the net proceeds of TVA over its expenses are payable into the Treasury of the United States (16 U.S.C. § 831y). It is exactly as if the United States owned all the capital stock and to make it significant for purposes of 28 U.S.C. § 1349 that TVA has no capital

stock would seem to exalt form over substance.

In *Grant v. TVA*, 44 F.Supp. 589 (E.D. Tenn.1941), plaintiff, as here, sued TVA in a state court on a state created negligence claim. TVA removed. A motion to remand was denied, the Court holding that suits against federally created corporations such as TVA arise under federal law and are removable.

In *Latch v. TVA*, 312 F.Supp. 1069, 1073 (N.D.Miss.1970), it was said:

> "In spite of frequent judicial disapproval and criticism, however, federal courts still have original jurisdiction of all cases involving federally-created corporations where the United States owns more than half the capital stock, as is the case with TVA". (A footnote to this sentence indicates that the Court may have been aware that this was not literally true but that TVA was a wholly owned agency and instrumentality of the United States.)

The motion to remand is denied.

SO ORDERED.

---

** The complaint avers (para. 2) that TVA is "a corporation wholly owned by the United States Government."