**Thomas E. COTTON, Plaintiff,**

v.

**The FEDERAL LAND BANK OF COLUMBIA IN COLUMBIA, SOUTH CAROLINA, Defendant.**

**Civ. A. No. 85–86–ATH.**

United States District Court,
M.D. Georgia,
Athens Division.

Oct. 2, 1986.

---

Steven Harrell, Stone Mountain, Ga., for plaintiff.

Jones Webb and Anthony O.L. Powell, Lawrenceville, Ga., for defendant.

FITZPATRICK, District Judge.

■ The motion presently pending in this case is defendant's Motion to Dismiss plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff is a citizen of Georgia. Defendant is a federally chartered corporation formed pursuant to the Federal Farm Loan Act (12 U.S.C. § 2011 et seq.) with its principal place of business in Columbia, South Carolina. Plaintiff's complaint relies on diversity jurisdiction as this case does not present a federal question.[1] 28 U.S.C. § 1331, 1332.

■ Defendant's motion to dismiss is premised on its allegation that the parties lack diversity of citizenship. Defendant states that diversity jurisdiction does not exist because the Federal Land Bank of Columbia is considered a citizen of the United States and not a citizen of any particular state for jurisdictional purposes. See Federal Intermediate Credit Bank of Columbia, S.C. v. Mitchell, 277 U.S. 213, 48 S.Ct. 449, 72 L.Ed. 854 (1928). In fact, defendant cites the case of The Federal Land Bank of Columbia v. Gloria Piper Cotton, 410 F.Supp. 169 (N.D.Ga.1975), in which the issue of federal court jurisdiction was resolved in a dispute involving these same parties under the same basic set of facts. The case resulted in dismissal upon the trial judge's conclusion that subject matter jurisdiction did not exist because there was no diversity of citizenship.

The Gloria Piper Cotton case has not been expressly overruled. However, the portion of the opinion relevant to this case has been statutorily superseded. The controlling law in this area makes any federal farm credit institution a citizen of the state where it is located:

> Each institution of the [federal farm credit] system shall for the purpose of jurisdiction be deemed to be a citizen of the state, commonwealth, or District of Columbia in which its *principal office is located.*

12 U.S.C. § 2258 (emphasis added).

This statute was enacted in 1975 for the express purpose of allowing federal farm credit institutions the opportunity to sue and be sued in the federal court system under the provisions on diversity of citizenship. See H.R.Rep. 94–609, 94th Cong. 1st

1. The mere fact that defendant is federally chartered does not support federal jurisdiction. 28 U.S.C. § 1349. "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." *Id.* The United States does not own the requisite amount of stock in defendant Federal Land Bank, so plaintiff must proceed under jurisdiction based on diversity of citizenship.

Sess. 2, *reprinted in* 1975 *U.S.Code Cong. and Ad.News*, 2148. Therefore, this statute operates to make defendant a citizen of South Carolina. This case may proceed based on diversity subject matter jurisdiction.

Defendant's Motion to Dismiss is hereby DENIED.