**J.C. ENGELMEYER and Mildred Engelmeyer, Plaintiffs,**

v.

**PRODUCTION CREDIT ASSOCIATION OF the MIDLANDS, a Federal Corporation, and Federal Intermediate Credit Bank of Omaha, A Federally Chartered Corporation, Defendants.**

Civ. No. 86–3025.

United States District Court, D. South Dakota, C.D.

Jan. 28, 1987.

Dale Benson, Willoughby & Benson, Burke, S.D., James M. Corum, Minneapolis, Minn., for plaintiffs.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for defendants.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

This suit was commenced by the plaintiffs in the state Circuit Court of Gregory County, South Dakota, alleging wrongs committed in a borrowing arrangement between the parties. The two defendants in this case, Production Credit Association of the Midlands (PCA) and Federal Intermediate Credit Bank of Omaha (FICB) are federally chartered corporations pursuant to 12 U.S.C. §§ 2071 and 2091. The United States is not the owner of more than one-half of the capital stock of either corporation.

On May 28, 1986 the defendants filed with the clerk a petition for removal of this action from the Gregory County circuit court to the Central Division of the United States District Court for the District of South Dakota. In their petition, defendants alleged that this court could exercise diversity jurisdiction over this matter. Defendants admit the lack of any federal question.

On June 16, 1986, plaintiffs filed with the clerk a motion to remand this suit to the state court. Plaintiffs allege that removal was improper under 28 U.S.C. § 1441 due to the lack of complete diversity. For the reasons set forth herein, plaintiffs' motion to remand is denied.

28 U.S.C. § 1441 provides that a state court action is removable to a United States District Court if the action could have been brought there originally. 28 U.S.C. § 1441(a) (1977). It is the holding of this court that original jurisdiction, as defined by 28 U.S.C. § 1332(a)(1), exists in this court.

Section 1332 provides in relevant part: (a) The district courts shall have original jurisdiction where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between ...

(1) Citizens of different states;

28 U.S.C. § 1332(a)(1) (1986).

The citizenship of defendant PCA, a federally chartered corporation, is in issue. Neither the citizenship of the other defendants nor the amount involved are in controversy. The PCA alleges that it is a citizen of Nebraska since its principal office is located in Omaha, Nebraska. Plaintiffs contend that diversity does not exist since the PCA has no state citizenship, or alternatively, is a citizen of South Dakota like plaintiffs.

To determine whether a federally chartered corporation, in which less than one-half of its capital stock is owned by the United States, has state citizenship so that a federal court may exercise diversity jurisdiction, two rules must be considered. Wright, Miller & Cooper, *Federal Practice & Procedure*, Jurisdiction Second, § 3627 (1984). First, a federal court may exercise diversity jurisdiction if "the corporation's activities are localized in a particular state" and that state is diverse from the state in which the action is brought. Wright, Miller & Cooper, *Federal Practice & Procedure*, Jurisdiction Second, § 3627 (1984); *Burton v. United States Olympic Committee*, 574 F.Supp. 517, 519, 521–22 (C.D. Cal.1983); *Monsanto Company v. Tennessee Valley Authority*, 448 F.Supp. 648, 650 (N.D.Ala.1978). To be "localized", the corporation's activities must be confined to one particular state. *Id.*

In this action, defendants admit that the PCA's activities spread over Nebraska, Iowa, South Dakota and a substantial part of Wyoming. Clearly, the PCA's activities are not "localized" and therefore diversity jurisdiction cannot exist under the first rule.

■ The second relevant rule provides that where "the corporation's activities are distributed among several states ... 'the general rule ... [followed] is that the citizenship of a federal corporation is national only. Such a corporation has no state citizenship for jurisdictional purposes unless Congress so enacts.'" Wright, Miller & Cooper, *Federal Practice & Procedure*, Jurisdiction Second § 3627 (1984); *Burton v. United States Olympic Committee*, at 519; *Monsanto Company v. Tennessee Valley Authority* at 650. Without state citizenship, a federal court may not exercise diversity jurisdiction. *Id.*

Defendants contend that Congress bestowed state citizenship upon the PCA by enacting 12 U.S.C. § 2258. This section of the Farm Credit Act, which relates to production credit associations, provides:

> Each institution of the System shall for the purposes of jurisdiction be deemed to be a citizen of the state, commonwealth, or District of Columbia in which its principal office is located.

12 U.S.C. § 2258 (1977).

The legislative history of § 2258 indicates that Congress did intend to provide state citizenship to production credit associations for jurisdictional purposes. It was enacted to "give production credit associations the same access to the Federal district courts as is enjoyed by private citizens, corporations and other legal entities" and deleted "the provision in the Farm Credit Act which prohibit[ed] production credit associations ... from being able to sue or be sued in the Federal district courts." H.R.Rep. 94–609, 74th Cong. 1st Sess. 2, *reprinted in* 1975 *U.S.Code Cong. and Ad.News*, 2148, 2150; *Cotton v. Federal land Bank of Columbia in Columbia, South Carolina*, 647 F.Supp. 37, 38 (D.Ga. 1986) ("This statute was enacted in 1975 for the express purpose of allowing federal farm credit institutions the opportunity to sue and be sued in the federal court system under the provisions on diversity of citizenship.").

■ The PCA is therefore a citizen, for jurisdictional purposes, of the state in which its principal office is located. *Id.* at 39; *Apple v. Miami Valley Production Credit Association*, 614 F.Supp. 119, 122 (D.Ohio 1985); 12 U.S.C. § 2258 (1977). PCA headquarters, its "principal office", is located at 206 South 19th Street, Omaha, Nebraska. The PCA is thus a citizen of Nebraska.

Plaintiffs assert South Dakota citizenship for the PCA due to the existence and activities of a regional office in Rapid City, South Dakota. Section 2258, however, locates the PCA's citizenship where its "principal office" is located. It does not refer to regional offices or principal places of business. This court, of course, makes no finding as to the PCA's principal place of business.

With the existence of diversity jurisdiction, as defined by 28 U.S.C. § 1332(a)(1) and 12 U.S.C. § 2258, this action could have originally been brought in this court. Removal of this suit from state circuit court to federal district court pursuant to 28 U.S.C. § 1441(a) is therefore proper.