## SNAVELY'S MILL, INC.

v.

## OFFICINE RONCAGLIA, S.p.A. and Roncaglia Engineering Works.

Civ. A. No. 87–3764.

United States District Court,
E.D. Pennsylvania.

Dec. 17, 1987.

Robert M. Frankhouser, Lancaster, Pa., for plaintiff.

Raymond I. Cullen, Elizabeth Hoop Fay, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff Snavely's Mill, Inc., alleges that a defective fan assembly in a milling machine, sold to the plaintiff in 1975 by Officine Roncaglia, exploded, causing a fire which destroyed plaintiff's mill and its contents. Plaintiff brought suit in the Court of Common Pleas of Lancaster County on theories of strict liability in tort and negligence. Defendant removed the action to this Court and now seeks dismissal of the complaint, contending that the Court lacks personal jurisdiction over Officine Roncaglia. Alternatively, defendant argues that the Court should enforce a provision of the contract for the purchase of the milling equipment which designates the Courts of Modena, Italy, as the place to litigate any disputes relating to the equipment. Finally, the defendant argues that even if the Court should determine that there is personal jurisdiction over the defendant and that the forum selection clause of the contract should not be enforced, the action should be dismissed on the grounds of *forum non conveniens*.

On a motion to dismiss for lack of *in personam* jurisdiction, the plaintiff has the burden of coming forward with sufficient facts to sustain the Court's jurisdiction. *National Expositions, Inc. v. DuBois,* 605 F.Supp. 1206, (W.D.Pa.1985), *Provident National Bank v. California Federal Savings and Loan Association,* 624 F.Supp. 858 (E.D.Pa.1985). The plaintiff is required to satisfy the Court that the defendant, here a foreign corporation, had or has a relationship to this jurisdiction such that requiring it to defend an action here satisfies constitutional and statutory requirements.

Since the plaintiff alleges that it suffered injuries to property as a result of an unreasonably dangerous, defective product and/or by reason of defendant's negligent manufacture of the product, it is clear that the requirements of Pennsylvania's long-arm statute, 42 Pa.Con.Stat.Ann. § 5322, have been met. Thus, the Court need only consider whether the constitutional due process requirements have likewise been met. *Allen Organ Co. v. Elka S.p.A.,* 615 F.Supp. 328 (E.D.Pa.1985). To meet due process requirements, the defendant must have minimum contacts with Pennsylvania, making it reasonably foreseeable that it might be called upon to defend an action

here. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Foreseeability is not the only criterion, however. In order for the Court's exercise of personal jurisdiction to comport with notions of fair play and substantial justice, the defendant must also have engaged in purposeful conduct directed toward the forum. *Id.*

Plaintiff attempts to meet its burden of establishing minimum contacts by an affidavit in which the president of the plaintiff corporation states that Snavely, then trading as Willow Bank Roller Mills, accepted a proposal for the equipment in issue from Officine Roncaglia at plaintiff's place of business in Lititz, Pennsylvania; that, thereafter, Officine Roncaglia employees assembled and installed the equipment at the mill in Lititz; that Officine Roncaglia, S.p.A., continues to market its equipment in Pennsylvania. (Affidavit of Gerald L. Snavely, Doc. # 8). Defendant maintains that it acquired certain incidents of the entity which sold the equipment to plaintiff, but that it was a different company, Officine Roncaglia di Pietro Roncaglia, still existing, (albeit under a different name), with which the plaintiff dealt in 1974 and 1975. Further, defendant asserts that plaintiff solicited the offer ultimately accepted in Littitz from the predecessor company in Modena; that the present Officine Roncaglia's employees made two visits to Lititz to observe the equipment in operation; that it has made no sales in Pennsylvania. (*See,* affidavit of Dr. Enrico Frigieri, Exh. B to Motion of Defendant Officine Roncaglia S.p.A., a/k/a Officine Roncaglia Engineering Works, to Dismiss Plaintiff's Complaint, Doc. # 4).

From these few facts we conclude that it is impossible to determine whether plaintiff has successfully borne its burden of establishing that the Court has personal jurisdiction over the defendant Officine Roncaglia, S.p.A., arising from the original sale of the equipment.[1] Plaintiff assumes, in conclusory fashion, without citation or argument, that all it needs to establish is that the present defendant is the successor in interest to the entity from which plaintiff originally purchased the equipment. This assumption is based upon Pennsylvania case law, which holds that a successor corporation is strictly liable for injuries caused by defects in a product manufactured by a predecessor corporation where the successor has acquired the assets and continues to manufacture the product line of the predecessor from which the defective product came. *Dawejko v. Jorgensen Steel Co., et al.,* 290 Pa.Super. 15, 434 A.2d 106 (1981). It does not necessarily follow, however, that the predecessor's contacts with the forum, standing alone, are sufficient to establish this Court's personal jurisdiction over the successor corporation. Nor does it necessarily follow that the predecessor's contacts may be aggregated with those of the successor in order to establish jurisdiction over the successor corporation. Without more facts relating to the evolution of the successor corporation and the circumstances relating to the present defendant's apparent acquisition of the predecessor's flour mill business, the Court is reluctant to assume that personal jurisdiction over the defendant may be maintained. It may, indeed, be true, as plaintiff assumes, that if the Court could have asserted jurisdiction over the predecessor corporation on the basis of the sale of the allegedly defective equipment to the plaintiff, we may now assert jurisdiction over the successor corporation. Unfortunately, we have neither enough facts nor any legal authority to rely upon to reach that conclusion with confidence.

Moreover, in examining the successor corporation's own contacts with this forum, we are unable to conclude that it has purposefully availed itself of the opportunity of transacting business in Pennsylvania, whether or not its contacts here may be aggregated with those of the predecessor company. It is not clear whether the visits of Officine Roncaglia, S.p.A. employees to Snavely in Lititz on two occasions were at

---

1. In his affidavit, Dr. Frigieri states that Officine Roncaglia, S.p.A., and Roncaglia Engineering Works are the same entity. Since plaintiff has not challenged that assertion, we presume that there is but one defendant in this action.

plaintiff's invitation, in fulfillment of terms in the original contract of sale between plaintiff and defendant's predecessor, or were for the purpose of enhancing sales of its equipment here. Likewise, plaintiff's presentation of one letter from the defendant to a Pennsylvania business is not sufficient to support the broad assertion that defendant "continues to market the original pneumatic Roncaglia flour milling plants in the Commonwealth of Pennsylvania". (Snavely Affidavit, Doc. # 8, ¶ 7). From the single letter produced it is impossible to determine whether the information was solicited from the defendant or whether the defendant took the initiative in soliciting business in Pennsylvania.

In order to make a reasoned determination of whether personal jurisdiction may be asserted, the Court must be able to conclude that defendant's contacts with the forum are not random, fortuitous or the result of plaintiff's or another party's unilateral activity directed toward the defendant. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

On the record presently before the Court with respect to the jurisdictional facts, it is impossible to engage in the careful analysis of the quality of defendant's contacts necessary to determine whether requiring it to defend plaintiff's action here comports with due process. Ordinarily, were this the only issue, we would request further development of the jurisdictional facts and/or additional briefs before rendering a decision. Here, however, there are two additional grounds for dismissal which may obviate the need for a decision on the jurisdictional issue. Ac-

cordingly, we will consider the forum selection clause as a basis for dismissal of the action and, if need be, the *forum non conveniens* issue.

Both parties to the litigation agree that the original contact for the sale of the flour milling equipment between plaintiff and Officine Roncaglia as it existed in 1974,[2] contains a forum selection clause. Plaintiff also concedes that, "It is true that parties to a contract may stipulate in advance to submit their disputes to a given court in a specific jurisdiction. *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 [92 S.Ct. 1907, 32 L.Ed.2d 513] (1972)." (Memorandum of Law in Opposition to Defendants' Motion to Dismiss, Doc. # 7, at 8).[3] Relying upon the standards for enforceability of a forum selection clause enunciated in *The Bremen,* plaintiff contends, however, that the forum selection clause should not be enforced in this instance as unreasonable and cites three bases for that contention: (1) that litigation in Italy would seriously impair its ability to pursue the action; (2) that the forum selection clause is ambiguous; (3) that there is no evidence suggesting that the parties to the contract bargained for the inclusion of the forum selection clause in the contract.

We conclude that, no matter what law may apply to the enforceability of the forum selection clause, the latter two arguments against enforcing it here are completely lacking in merit. The contract, according to the unchallenged assertion of the defendant, was submitted to plaintiff in the form of an offer. There is nothing in the record here to support a conclusion that no negotiation was possible—that the plain-

2. Although the defendant, for jurisdictional purposes, argues, at least implicitly, that as a successor corporation and not the original manufacturer/seller of the equipment, it has insufficient contacts with this forum, it does not appear to be claiming that it cannot be sued for the alleged acts and omissions of its predecessor. Moreover, it appears to have specifically adopted the original contract between plaintiff and its predecessor.

3. Plaintiff seems to assume that *The Bremen* controls the issue of the enforceability of the forum selection clause. From recent decisions

in this Circuit, however, we are now persuaded that federal common law is not controlling on that issue in a diversity case. *See, e.g., In Re Diaz Contracting, Inc.,* 817 F.2d 1047 (3d Cir. 1987), *Mutual Fire, Marine and Inland Ins. Co. v. Barry,* 646 F.Supp. 831 (E.D.Pa.1986). Rather, the enforceability of a forum selection clause in a contract is governed by state law, specifically that of the jurisdiction whose law controls the construction of the contract. *In Re Diaz.* The law governing the forum selection clause in issue here will be discussed *infra.*

**1130**

tiff was forced to accept the offer exactly as presented by the seller in order to purchase the equipment at all or that the bargaining power between the parties was otherwise unequal. Once plaintiff did accept the contract as proposed, however, it began to govern the relationship between the parties. Plaintiff has proffered no reason for the contention that only the clause it now dislikes should not be enforced for lack of bargaining. That clause is printed in the same size type as the rest of the contract and is as prominent as any other provision of the contract. In short, there is absolutely no support for plaintiff's conclusory statement that the forum selection clause is "merely a boiler plate provision in a form contract". (Doc. #7 at 11).

Likewise, we can find no support for plaintiff's contention that the forum selection clause is ambiguous. The clause reads as follows:

JUDICIAL AUTHORITY

For any controversy that might arise between the parties concerning the interpretation and execution of the contract, only the Italian Authority shall be competent and specifically the law-court of Modena.

(Exh. A to Exh. B to Doc. #4 at 12).

Plaintiff characterizes the language of the clause as "awkward and strained" (Doc. #7 at 12), and argues that the intention to be sued exclusively in an Italian forum, "should have been reflected in clear, precise language". (*Id.* at 13). It is difficult to imagine a clearer expression of intent to litigate exclusively in Italy than the words found in the contract. Under the clause, "only the Italian Authority ... specifically the law-court of Modena", is competent to consider "any controversy" between the parties. Not surprisingly,

plaintiff does not specify in what way it finds the language of the clause ambiguous. While there may be a question as to whether there is a clear choice of *law* provision in that clause, an issue that we do not need to decide, we see nothing ambiguous as to the choice of the *forum* in which any litigation concerning the contract is to take place.

The final argument raised by the plaintiff in an effort to avoid the application of the forum selection clause is the difficulty of litigating the case in Italy. This contention as a reason for not enforcing the forum selection clause is based upon the assumption that the rules enunciated in *The Bremen* apply here.[4] As noted, however, (*See,* n. 3, *supra.*), the enforceability of the forum selection clause is governed by the law which controls the construction of the contract.

Plaintiff, proponent of the position that the clause should not be enforced, argues strenuously that the law of Pennsylvania applies to the entire action. Defendant contends that the forum selection clause is also meant to be a choice of law provision and that under the clause, Italian law applies.

Since it is clear that either Pennsylvania or Italian law must apply to the contract, a prudent approach to the issue would be to determine whether there is a difference in the law of the two jurisdictions relating to the enforceability of the forum selection clause. To that end, we ordered defendant to produce evidence of how Italian law regards such a clause. (Order of October 26, 1987, Doc. #9). We concluded, however, that the response was insufficient to allow the Court to determine the disposition of the issue under Italian law.[5] Thus,

---

**4.** Even in *The Bremen,* however, the Court noted that the mere difficulty of litigating in a distant forum is not sufficient to allow a party to "escape" its contract. Rather, the burden is upon the party seeking to avoid enforcement of its bargain to demonstrate that it, "[W]ill for all practical purposes be deprived of [its] day in court". 407 U.S. at 18, 92 S.Ct. at 1917, 32 L.Ed.2d at 525.

**5.** In the order, the Court requested, "An affidavit or other competent evidence relating to the

enforceability of a forum selection clause in a contract under Italian law". In response, defendant produced the affidavit of its Italian counsel, Dr. Marco Ricolfi, who stated that the clause is enforceable under Article 4, n. 1 of the Civil Procedure Code. He then quotes what, presumably, he considers to be the operative supporting language of the Code. The quotation, however, pertains to the ability to sue a foreigner in an Italian Court. The affiant does not cite any authority stating that the language

the Court was left with little choice but to consider the enforceability of the forum selection clause under Pennsylvania law alone. Since plaintiff has consistently argued that the law of Pennsylvania should apply to the entire controversy, it can hardly object to this procedure. As for defendant, since the result is favorable to its position, it is unlikely to object to this procedure either. We wish to emphasize, however, that the pragmatic approach which we have chosen does not represent this Court's conclusion that the law of Pennsylvania does or should apply to the controversy.

In *Central Contracting Co. v. Youngdahl*, 418 Pa. 122, 133, 209 A.2d 810 (1965), the Pennsylvania Supreme Court determined that a forum selection clause should be enforced, "When the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation". The court went on to explain that:

> Such an agreement is unreasonable only where its enforcement would, under all the circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue his cause of action. Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things. If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement. Moreover, the party seeking to obviate the agreement has the burden of proving its unreasonableness.

*Id.* at 133, 134, 209 A.2d 810.

We conclude that under Pennsylvania law, plaintiff has failed to demonstrate that its cause of action would be seriously impaired by having to litigate in Italy. Plaintiff places great emphasis on the fact that the mill was installed in a Pennsylvania plant where the alleged accident occurred, that records concerning the operation of the plant are located in Pennsylvania and that litigation in Italy would require translations. It is obvious that this litigation, involving an American and an Italian party, cannot be conducted anywhere without translations. Moreover, the complaint states causes of action in strict liability and negligence. We fail to understand the overwhelming importance of records concerning the *operation* of the mill when plaintiff's claim is based upon the *manufacture* of the mill. Documents relating to the design and fabrication of the mill, as well as to operating instructions and warnings, if any, are more likely to be found in Italy. Finally, although the mill was installed in Pennsylvania, it was manufactured in Italy and installed by Italian employees of the seller, more likely to be found in Italy than in Pennsylvania, who may be called upon to testify as to any instructions or warnings given to the plaintiff about the operation of the mill. On the record before the Court, we see no basis in Pennsylvania law for not enforcing the forum selection clause of the contract.

Having now concluded that the clause is enforceable under Pennsylvania law, there is no need to consider the *forum non conveniens* issue. We will dismiss the action in order to allow plaintiff to pursue its remedies in Italy, as it contracted to do when the milling equipment was purchased.

applies in the same manner to a foreign plaintiff *bringing* suit before an Italian Court. The most we can conclude from this provision is that, presumably, a foreign plaintiff would not be precluded from appearing before an Italian Court to press its complaint. The gist of the Court's inquiry, however, went to the interpretation of contracts under Italian law, not to the civil procedure question to which the defendant responded.